FRANKLIN A. PACKARD & another *vs.* HOWARD T. MARSHALL.

Plymouth. Oct. 22, 1884. — Jan. 8, 1885. C. ALLEN & COLBURN, JJ., absent.

A testator by his will devised the residue of his estate to certain persons "in trust, for the use and benefit of my son C., to be applied and appropriated to the use. and benefit of said C., at the discretion of my said trustees;" and authorized the trustees "to sell and pass deeds, to convey any and all of my real estate at their discretion." C. was the testator's only issue who survived him; and he died, leaving children surviving him. The trustees gave no bond as trustees, and, during C.'s lifetime, conveyed a portion of the testator's land. *Held,* that the trustees took an estate in fee; that if their conveyance was void on account of their not having given a bond, the legal title remained in them; and that C.'s children could not maintain a writ of entry to recover the land conveyed.

WRIT OF ENTRY, dated in October, 1883, to recover a parcel of land in Brockton. Plea, *nul disseisin.* Trial in the Superior Court, before *Barker,* J., who reported the case for the determination of this court, in substance as follows:

Charles Packard died in June, 1851, seised and possessed of the demanded premises. He left a will, which was duly admitted to probate, and by which, after giving an annuity to his wife and several legacies to different persons, he devised the residue of his estate to three persons named, "in trust, for the use and benefit of my son, Charles T. Packard, to be applied and appropriated to the use and benefit of said Charles T., at the discretion of my said trustees." The will also contained the following clause: "I hereby authorize and empower my said trustees to sell and pass deeds, to convey any and all of my real estate at their discretion; and I appoint them executors to this will."

The three persons named in the will as executors and trustees gave their joint bond, with sureties, to the judge of probate as executors, but neither of them ever gave a bond as trustee. Charles T. Packard, named in the will, was the testator's only issue who survived him, and was of age at the time of the testator's death. The widow of the testator died in 1876. Charles T. Packard died on January 25, 1873, leaving as his only surviving issue two children, then aged sixteen and eighteen years respectively, who are the demandants in this action.

On May 29, 1852, the trustees named in the will, describing themselves as such, executed and delivered to Frederick Howard a warranty deed of two parcels of land, one of which was the demanded premises.    The tenant, by mesne conveyances, acquired the title of Howard to the land.    Howard and those claiming under him have held quiet possession of the land from the date of the trustees' deed to him until the commencement of this action.

The demandants contended that the grantors in the deed to Howard were not authorized to make such conveyance, and the deed was null and void; and that the title to the land described therein, upon the death of Charles T. Packard, reverted to the demandants as the heirs of the testator.    The tenant contended that said deed was valid, and conveyed a good title to the grantee named therein and to his assigns; that the title of Charles T. Packard had become barred during his lifetime by adverse possession by Howard and those claiming under him for more than twenty years, and no estate remained for the demandants to inherit as heirs; and that the action could not be maintained, because the title of the demandants, if any, was an equitable title, which could be enforced only in equity.    The judge directed the jury to return a verdict for the tenant.

If the demandants were entitled to recover, an assessor was to be appointed; otherwise, judgment was to be entered for the tenant.

*G. W. Kingsbury*, for the demandants.

*C. W. Sumner*, for the tenant.

DEVENS, J.    The devise to trustees " in trust for the use and benefit of my son Charles T. Packard, to be applied and appropriated to the use and benefit of said Charles T., at the discretion of my said trustees," was of an estate in fee.    This, under the well-established rule, that, when the devise is in trust, and the trust is of such a nature that it does or by possibility may require a legal estate in the trustee beyond that of an estate for his own life, then, without words of limitation in the devise, the trustee shall take a fee.    To accomplish its purposes, the trustee must have a legal estate coextensive with the trust, and, under this clause of the will, all that was devised thereby might have been appropriated to Charles T. Packard.    *Cleveland*

v. *Hallett,* 6 Cush. 403.   Even then, if the deed made to Howard of the land demanded in this action was void, and conveyed no title, and if the estate of the trustees and of the *cestui que trust* has not been barred by the statute of limitations, (upon which two propositions we do not intend to pass,) the demandants can only have an equitable title thereto, which will not enable them to maintain a writ of entry.   In an action to recover land, alleging a legal title, such a title must be established.   *Chapin* v. *Chicopee Universalist Society,* 8 Gray, 580.   When the purposes of a trust have failed, or have been completely performed, the trustees then hold the estate for the benefit of the heirs at law as a resulting trust, and are answerable to them for it upon proper proceedings.   *Easterbrooks* v. *Tillinghast,* 5 Gray, 17.   *Ackroyd* v. *Smithson,* 1 Bro. Ch. 503.   *Cox* v. *Parker,* 22 Beav. 168.                              *Judgment for the tenant.*