## BOSTON SAFE DEPOSIT AND TRUST COMPANY *vs.* GEORGE MIXTER.

Suffolk.    November 15, 1887. — January 10, 1888.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Trust and Trustee — Title — Private Sale — Notice.*

A testator, after bequeathing to each of his four children the income of a specified sum to be held in trust, gave to them the residue of his estate, real and personal, "to be divided equally between them share and share alike, to them, their heirs and assigns forever." After the marriage of a daughter, the testator by a codicil directed that "all the property and estate so given my said daughter in addition to said income in said will shall be paid" to a trustee, "to be invested" for her benefit, and provided for the disposition of the trust fund by the trustee at her death. *Held,* that the trustee took the legal title to both the real and personal estate, with power to sell and convey.

A notice of a sale of a trust estate under the Pub. Sts. c. 141, § 21, addressed to the "heirs at law, next of kin, and all other persons interested" is sufficient.

A trustee, after the lapse of a year from the granting of a license to sell at private sale, is not obliged by force of the Pub. Sts. c. 142, § 18, cl. 4, to sell by public auction.

CONTRACT to recover the purchase money for an undivided fourth part of real estate, which the plaintiff, as trustee, agreed in writing, on October 29, 1886, to sell and convey to the defendant in fee by a good and sufficient deed. The deed was tendered on November 9, 1886. A decree of the Probate Court authorizing a private sale was made on July 21, 1885, the citation and order of notice upon the plaintiff's petition being addressed "To the heirs at law, next of kin, and all other persons interested in the real estate held in trust."

The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, which appear in the opinion.

*J. D. Ball*, for the defendant. The plaintiff, as trustee, took only an estate during the life of Fanny L. Howard, and her children or their representatives are to take the remainder if they survive her, the remainder being contingent. The codicil does not provide that at her death the plaintiff shall divide, but that the estate left in trust shall be divided. All the

purposes of the trust could be accomplished if the trustee took only such life estate. A fee in the trustee was not essential to the execution of the trusts. The usual rule in respect to property given in trust is, that the trustee takes an estate commensurate with the purposes of the trust, and nothing more. Perry on Trusts, § 312. *Smith* v. *Thompson,* 2 Swan, 386. *Doe* v. *Williams,* 2 M. & W. 749, 756, 757. *Curtis* v. *Price,* 12 Ves. 89. *Packard* v. *Marshall,* 138 Mass. 301, 302. *Moore* v. *Stinson,* 144 Mass. 594. *Doe* v. *Considine,* 6 Wall. 458, 469–472.

The statute authorizes the sale and conveyance of the " estate held in trust," when it appears to be necessary or expedient; not a sale of the estate in fee when the trust estate is limited to a life estate, as here. The statute contemplates merely the sale of the trust estate, and if the trust estate is only a life estate, it does not authorize the court to decree a sale and conveyance of the title of the remaindermen.

The statute required notice to be given to " all persons who are or may become interested in such estate, and to all persons whose issue, not then in being, may become so interested." It is clear that the children of Fanny L. Howard living at the time of her death, and the issue then living of any deceased child, would be interested in the estate. If the trustee took a fee before the Probate Court could authorize a sale, it must give the notice required by the statute. The only notice given was a citation addressed to the heirs at law, next of kin, " and all other persons interested in the real estate held in trust, under the will of William Mixter, by the Boston Safe Deposit and Trust Company, trustee for Fanny L. Howard." The provisions of the statute must be strictly pursued. The notice did not substantially conform to the statute.

The Public Statutes, although embracing all the public law in Massachusetts in force at the time when they were passed, are yet to be construed as having been passed *uno flatu.* One provision of the statutes is, that " no sale of real estate made by an executor, administrator, guardian, trustee, or other person by license of court, and no title under such a sale, shall be avoided for the reason that the deed was not delivered within one year after the license, or on account of any irregularity in the proceed-

ings if it appears . . . . that the premises were sold by public auction in accordance with the notice, and are held by one who purchased them in good faith." Pub. Sts. c. 142, § 18.

Before this provision was enacted, which was in 1864, it seems that a trustee was not in so many words bound to sell, if at private sale, within one year from the date of the decree or license, and, if the trustee sold after the lapse of one year, to sell by public auction. At that time, however, an executor, or administrator, or guardian, could sell only within the year, and could sell then only by public auction. And the Legislature by this provision, probably overlooking the fact that a trustee was not then, in so many words, limited to a sale within a year, or to a sale by public auction, put executors, administrators, guardians, and trustees, in so many words, in the same category, and provided that a sale by neither should be avoided, if made after the lapse of a year, if certain things enumerated had been done. See Gen. Sts. c. 102, § 47; Sts. 1860, c. 60, § 1; 1864, c. 137, § 1.

And it results from this provision, that, if the sale by either was after the lapse of a year, and was not by public auction, the sale would not be protected by this provision of the law; and the conclusion seems to be justified. that a sale by a trustee after the lapse of a year could not be by private contract, but must be by public auction.

*H. G. Nichols*, for the plaintiff.

MORTON, C. J. William Mixter by the third clause of his will bequeaths to each of his children, George, Mary Ann, Fanny Louise (afterwards Fanny L. Howard), and Samuel Jason, the interest or income of twenty thousand dollars, to be paid to each at least annually, or as often as the income shall be received; said principal sum to be paid into the hands of trustees, and by them invested, and at the decease of either of the children "said principal sum of twenty thousand dollars, the income of which is given to the child deceased, shall be divided among the heirs at law of the deceased child."

By the sixth clause he gives the residue of his estate, real and personal, to his four children, "to be divided equally between them, share and share alike, to them, their heirs and assigns forever." There can be no doubt, under this clause, that each of the four children would take an absolute estate in one quarter

of the residue.   But he afterwards made a codicil which provides as follows:

" Whereas I have given to my daughter Fanny L. Howard, wife of Daniel W. Howard, in my said will, the income of twenty thousand dollars, and also a certain portion of my remaining estate, I now order and direct that all the property and estate so given my said daughter in addition to said income in said will shall be paid to the Boston Safe Deposit and Trust Company, an incorporated institution in the city of Boston, to be held by said corporation in trust for the benefit of my said daughter, Fanny L. Howard, to be invested by said corporation as shall seem prudent and safe; and that the net income thereof shall be paid to my said daughter, Fanny L. Howard, at least semi-annually, said income to be paid to my said daughter personally, or upon her order or receipt in writing, free from the interference or control of her husband or any creditors, my intention being that the use of said income shall not be anticipated by assignments; and at the decease of my said daughter I direct that said estate so left in trust shall be divided among her children, or the representatives of any deceased child, equally, share and share alike, giving to each child and the representatives of any deceased child, one share.   If my said daughter shall leave no children living at her decease, then I direct that said sum so left in trust with said corporation shall be paid, one third to her husband, if living, but not to his heirs, if deceased, and the balance of said estate so left in trust shall be equally divided among her brothers and sisters, share and share alike."

This codicil is not in form a direct gift to the plaintiff as trustee, but it is in law equivalent to such a gift; and the first question in this case is whether under the codicil the plaintiff took an estate in fee in that portion of the real estate, namely, one undivided quarter, which would have come to the said Fanny under the sixth clause of the will, or only an estate for the life of said Fanny.

The will and codicil are not drawn with technical skill, but we think there is no difficulty in ascertaining the intentions of the testator.   The sixth clause contemplates that the residue will consist of real and personal estate.   Under it, if unchanged, the daughter Fanny would take one quarter of the personal prop-

erty absolutely, and one undivided quarter of the real estate in fee.

The object of the codicil was to change the disposition of this share of said Fanny in the residue by putting the legal title in trustees, to give her the income during her life, and to provide for the division of the trust fund after her death. It gives to the plaintiff as trustee "all the property and estate so given my said daughter," implying that the trustee was to take the same property and estate which the daughter would take under the sixth clause. The codicil deals with the trust fund, which might at first consist of both real and personal estate, as a single fund subject to the same disposition.

It directs that at the decease of the daughter "said estate so left in trust shall be divided among her children," and that, if she leave no children, "said sum so left in trust with said corporation shall be paid one third to her husband," and "the balance of said estate so left in trust shall be equally divided among her brothers and sister." In these provisions he is clearly dealing with the whole trust estate as a single fund, and they imply that the trustee is to make the division according to his directions. It must do this so far as the fund consisted of personal property, and there is nothing to indicate that he intended that there should be any difference as to that part of the fund which at his death was real estate. The whole estate held in trust was "to be invested by said corporation as shall seem prudent and safe," which implies that the trustee may find it prudent to change the investments. The testator does not directly or by implication give any vested legal estate to those who under the codicil will be the distributees at his daughter's decease. He imposes upon the trustee the duty of dividing and transferring the fund after her death.

Looking at the whole will, it seems to us reasonably clear that he intended to give to the trustee the legal title to both the real and the personal estate, with the power to sell and convey the same, and that such a title in the trustee is necessary in order to enable it to carry out the purposes of the testator. *Sears* v. *Russell*, 8 Gray, 86. *Packard* v. *Marshall*, 138 Mass. 301.

The trustee, taking this view of the will, applied to the Probate Court for leave to sell the undivided fourth of the real estate

held by it in trust, and the court ordered and decreed that the estate so held in trust be sold at private sale, and that the proceeds be reinvested and held upon the same trusts under which the real estate was held.   The defendant contends that a valid sale cannot be made under this decree, because the notice given of the petition was insufficient.   We can see no force in this claim. Upon such a petition notice is to be "given in such manner as the court may order, to all persons who are or may become interested in such estate, and to all persons whose issue, not then in being, may become so interested."   Pub. Sts. c. 141, § 21.

The caption of the order of notice issued by the court did not follow the words of the statute, but the words used, "heirs at law, next of kin, and all other persons interested in the real estate," embrace and describe all living persons who are or can become interested, or whose issue may become interested, and was sufficient.

The defendant further contends that a good deed cannot now be given by the trustee, because more than a year has elapsed since the license to sell was given.   The statutes do not provide that a license to a trustee to sell real estate shall not be in force more than a year.   Trustees may be licensed to sell, either at public or private sale, when it appears to be necessary or expedient.   Pub. Sts. c. 141, § 20.   As a general rule, executors, administrators, and guardians can be licensed to sell only by public auction.   Pub. Sts. c. 134, §§ 1–11.   Pub. Sts. c. 140, §§ 1, 3, 18.

In the Pub. Sts. c. 142, which contains many provisions relating to sales by executors, administrators, guardians, and trustees, it is provided in § 8 that "no license for a sale by an executor, administrator, or guardian shall be in force for more than one year after the granting thereof," but there is no equivalent or similar provision in our statutes as to sales by trustees.

Section 18 provides that "No sale of real estate made by an executor, administrator, guardian, trustee, or other person by license of court, and no title under such a sale, shall be avoided for the reason that the deed was not delivered within one year after the license, or on account of any irregularity in the proceedings, if it appears, —

" First, that the license was granted by a court of competent jurisdiction;

" Second, that the person licensed gave a bond which was approved by the judge of the Probate Court, if a bond was required upon the granting of the license;

" Third, that the notice of the time and place of sale was given according to the order of the court; and,

" Fourth, that the premises were sold by public auction in accordance with the notice, and are held by one who purchased them in good faith."

The defendant argues that this statute by implication prohibits a trustee from making a sale after the lapse of a year from the granting of his license, except by public auction. No such implication is necessary or justifiable. This provision is a re-enactment of the St. of 1864, c. 137. It is an enabling, and not a disabling statute. It was not intended to cut down the powers of executors, administrators, guardians, or trustees, but to cure any formal and unimportant irregularities in their actions in making sales. It was not designed to create irregularities, but to remedy them. It cannot fairly be construed as providing that, if a trustee does not sell within a year, which he is not bound to do, it shall be an irregularity which can be cured only by a sale by auction. Most of the provisions are pertinent as applied to executors, administrators, and guardians, but have no application to trustees who ordinarily are not required to give bond, or to sell by public auction, or to give any notice of the time and place of sale. It is not improbable that the word " trustee " was inadvertently used in the statute. But however this may be, we cannot think that it was the intention of the Legislature to make in this indirect way so important a change in the other provisions of the statute as to require trustees to sell within a year, or otherwise to sell by public auction.

Upon the whole case, therefore, we are of opinion that the deed which the plaintiff has tendered to the defendant will convey a good title in fee; and, in accordance with the stipulation in the case stated, judgment was rightly entered for the plaintiff in the Superior Court.          *Judgment affirmed.*