PRESIDENT AND FELLOWS OF HARVARD COLLEGE *vs.*
STEPHEN M. WELD.

Suffolk.    March 8, 1893. — May 18, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Agreement for Sale of Land — Devise and Legacy.*

A testator, by his will, devised to trustees all his property, " excepting what is herein specifically devised and appropriated." He also gave various annuities to relatives ; and then, after expressing the opinion that real estate in the city of B. and its vicinity was the safest property from which " to raise a permanent fund for the accomplishment of the purposes of my will," he directed that cer-

tain real estate, including "all my real estate in D.," excepting certain prop-
erty used for mills and manufactories, "be not sold or alienated, but reserved
for the purposes of this will"; and certain provisions for his family followed.
He then directed the trustees to sell certain real estate in another State and in
B., and also his mill property and manufactories in D.; and authorized them
to let for ninety-nine years "all or any of my lands and real estate" in D.
The will provided further that, after the payment or security of all legacies
and annuities, "and after all the purposes of said trusts," so far as respected
the testator's family and all annuitants, should have been secured and accom-
plished, all the residue of his property should be conveyed by the trustees to
H. College; that the trustees might convey to the College any surplus of prop-
erty not needed to pay annuities and to accomplish the other purposes of the
trusts; that if, after the death of the testator's wife, the college should assume
and give security, to be approved by the trustees, for the payment of the annui-
ties and legacies, and for the performance of all the other trusts, the trustees
were directed to convey in fee simple to the College all the trust property for
the uses declared in the will; and that all the property so conveyed to the Col-
lege should be held for the purposes designated, upon the trust and confidence
that it would "manage and invest the same to the best advantage," and retain
the estate on which the testator then lived for certain reasons therein expressed.
By a codicil to his will, the testator empowered the trustees to sell some of the
real estate in B. which was included in that ordered in the will to be "reserved
for the purposes of this will." All the property which, by the terms of the will,
was to come to the College was conveyed to it, and all the trusts for the benefit
of individuals were performed or satisfied. The College executed an agree-
ment to sell to a third person a tract of land in D., which was a part of the real
estate there owned by the testator at the date of his will and at his death.
*Held*, that the College could maintain an action for a breach of the agreement.

CONTRACT for the breach of a written agreement, executed on
November 12, 1892, by the terms of which the plaintiff agreed
to sell and convey to the defendant, " by a good and sufficient
title," a certain tract of land in Dedham, "formerly belonging
to Benjamin Bussey," and the defendant agreed " to take the
same, and to pay therefor " a certain sum, " provided a good
title can be conveyed." The case was submitted to the Superior
Court, and, after judgment for the defendant, to this court, on
appeal, upon agreed facts, in substance as follows.

A deed of the land was duly tendered by the plaintiff to the
defendant, who refused to accept it, on the ground of an alleged
want of power in the plaintiff to convey a title free of the trusts
created by the will of Benjamin Bussey.

By his will, Bussey devised to trustees all his property, " ex-
cepting what is herein specifically devised and appropriated."
He also gave various annuities to relatives, and then, after ex-
pressing the opinion that real estate in Boston and its vicinity

was the safest property from which " to raise a permanent fund for the accomplishment of the purpose of my will," he directed that certain real estate, including " all my real estate in Dedham," excepting certain property used for mills and manufactories, " be not sold or alienated, but reserved for the purposes of this will "; and certain provisions for his family followed. He then directed the trustees to sell certain real estate in the State of Maine and in Boston, and also his mill property and manufactories in Dedham; and authorized them to let, but not for a longer term than ninety-nine years, " all or any of my lands and real estate situate in said Dedham." The will provided further, that, after the payment or security of all legacies and annuities, " and after all the purposes of said trusts," so far as respected the testator's family and all annuitants, should have been secured and accomplished, all the residue of his property, with the proceeds and accumulations thereof, should be conveyed by the trustees to the President and Fellows of Harvard College; that the trustees might pay and convey any surplus of property not needed to pay annuities and to accomplish the other purposes of the trusts to the President and Fellows of Harvard College; that if that corporation should, after the death of the testator's wife, assume and give security, to be approved by the trustees, for the payment of the annuities and legacies, and for the performance of all the other trusts, the trustees were " directed to pay over, transfer, and convey in fee simple to said President and Fellows of Harvard College, by good and sufficient conveyances, all the trust estates, real and personal, hereby conveyed to them, or remaining in their hands, to and for the uses and purposes hereinafter declared "; that " all the real and personal property and estate so conveyed, transferred, and delivered to the President and Fellows of Harvard College shall stand charged and chargeable with the said annuities and payments, if not paid or provided for, and shall be taken and held by said President and Fellows of Harvard College as a permanent public corporate body specially charged with the care and superintendence of the higher branches of education, upon the trust and confidence that they will manage and invest the same to the best advantage; that they will retain the estate on which I now live, in said Roxbury," for certain reasons therein ex-

pressed; and that the trustees should purchase two certain tracts of land, which should " be subject to the same trust, limitations, and provisions " as were expressed in the will concerning his estate in Roxbury, above mentioned. By a third codicil to his will, the testator empowered the trustees to sell some of the real estate in Boston, which was included in that ordered in the will to be " reserved for the purposes of this will."

The land in question was a part of the real estate in Dedham of which Bussey died seised, and was seised at the date of his will, and which he directed should not be sold or alienated, but reserved for the purposes of his will. All the property which, by the terms of the will, was ultimately to come to the plaintiff, has been duly conveyed to the plaintiff, in pursuance of the directions of the will, and is now held by the plaintiff upon the charitable trusts upon which it was ultimately to be held, as set forth in the will, all the trusts for the benefits of individuals having been performed or otherwise satisfied.

If, by the true construction of the will, the land in question cannot be sold or alienated by the plaintiff, judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiff.

*G. Putnam,* for the plaintiff.

No counsel appeared for the defendant.

HOLMES, J. The direction in Mr. Bussey's will that certain real estate, including that in question, " be not sold or alienated, but reserved for the purposes of this will," is inserted in the midst of the provisions for his family and for annuitants, which are to be made or secured before the final transfer to Harvard College. It is surrounded by other directions addressed in terms to the trustees who hold only until that transfer. The reason expressed for the direction is the testator's opinion that such real estate is the safest property from which " to raise a permanent fund for the accomplishment of the purposes of my will." The trustees are authorized to let the land in question for a term not longer than ninety-nine years, but no similar power is given to Harvard College when the land comes to its hands. In the third codicil the trustees are empowered to sell some of the land ordered by the will to be reserved; but no similar power is given to the College. In the gift to the College certain land is

given upon the trust that the College will retain the same, for reasons expressed in the will, but no such trust is expressed with regard to the land in question. The foregoing considerations seem to us sufficient to show that the testator did not intend or attempt to make the land in question inalienable when it reached Harvard College; and that the first words of the trust imposed upon it, " to manage and invest the same to the best advantage," carry a power to sell. *Boston Safe Deposit & Trust Co.* v. *Mixter*, 146 Mass. 100, 104. See, further, St. 1889, c. 104.

*Judgment for the plaintiff.*