In Equity.

LYDIA M. B. ROBINSON et als., Executors and Trustees,

*vs.*

LYDIA M. B. ROBINSON et als.

Hancock.    Opinion December 30, 1908.

*Wills.    Construction.    Trust.    Trustees.    Power of Sale.*

While it is true that under the orignal theory of a trust the powers and duties of the trustee were confined substantially to holding and caring for the property, it is equally true that the purposes of the modern trust are of a much broader character requiring ordinarily much greater powers on the part of the trustee including a power of sale, which is generally expressly given.

When a trustee under a will is charged with a duty which cannot be performed without a power of sale, and no power of sale is expressly given by the will, a power of sale will be implied.

The words "invest and manage" in the will of a testator, import and imply a power of sale unless a contrary intention can be found in the will taken as a whole.

Where a testator directed that one-fourth of the principal of her residuary estate "shall be paid to the children or direct descendants of my said deceased child," *held* that the term "be paid" was applicable exclusively to personality.

Where a testatrix by her will left the residuum of her estate to her executors in trust, to invest and manage and pay over the income to her children during their lives with directions, upon death of any one of the children, that a proportionate part of the principal of the residuary estate should be paid to the children or other direct descendants of such deceased child, *Held:*

(1)  That the trustees could not ascertain the true amount of the estate or pay over the fractional part directed to be paid to the children of a deceased child until the whole estate had been converted into money.

(2)  That upon the whole will it was the intention of the testatrix that the trustees should have power to sell the real estate devised by the residuary clause and give to the purchaser or purchasers good title in fee simple and that her will so directs.

In equity.    On report.    Decree according to opinion.

Bill in equity brought by "Lydia M. B. Robinson, of Paoli, County of Chester, Commonwealth of Pennsylvania, Christine W. Biddle, of Philadelphia, said Commonwealth, Spencer F. B. Biddle, of Graham, State of Montana, and Henry J. Biddle, of Vancouver, State of Washington, as Executors and Trustees under the last will and testament of Mary D. Biddle, late of said Philadelphia," against "Lydia M. B. Robinson, Christine W. Biddle, Spencer F. B. Biddle, Henry J. Biddle as individuals, Lydia Spencer Moncure Robinson (daughter of Lydia M. B. Robinson,) Spencer Biddle and Rebecca Biddle both of said Vancouver (minor children of Henry J. Biddle,") asking for the construction of the last will and testament of the said Mary D. Biddle.

In lieu of a formal answer to the bill, the defendants filed the following agreement:  "It is hereby agreed that the allegations of fact in complainants' bill are true and the respondents join in the prayer of complainants for a construction of the will of Mary D. Biddle."

When the cause came on for hearing before the Justice of the first instance, it was agreed to report the case to the Law Court for determination.

The case is stated in the opinion.

*Edward B. Mears,* for plaintiffs.

*Hale & Hamlin,* for defendants.

SITTING:  EMERY, C. J., SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

BIRD, J.  This bill in equity is brought by the executors and trustees under the will of Mary D. Biddle for the construction of the will.

The case comes before this court upon complainants' bill and an agreement of all the defendants wherein the allegations of fact in the bill of complainants are admitted to be true and the respondents join in the prayer of the bill for the construction of the will. This agreement appears to be one which might properly be made by all parties respondent.

In brief, the bill sets out that Mary D. Biddle, late of Philadelphia, in the State of Pennsylvania, died on the third day of December, A. D. 1900, testate; that her will was duly admitted to probate at said Philadelphia, setting forth particularly the clause of which construction is requested; that the will was duly admitted to probate by the Probate Court of Hancock county in this State on the fifth day of April, A. D. 1904, and that letters testamentary were duly issued to complainants on the twentieth day of said April and letters of trust on the first day of November, A. D. 1904; that the testatrix left her surviving four children, who are the complainants, no husband and three grandchildren, one of the latter being the daughter of Lydia M. D. Robinson and the others children of Henry J. Biddle; that all the specific bequests made by the will have been paid in full or otherwise provided for in accordance with its terms; that the only persons having any interest now in the estate of the testatrix are the complainants and the three grandchildren; that there are no debts against the estate and that no personal property of any great value was left by testatrix in the State of Maine; that she died seized of certain real estate in the county of Hancock forming part of her residuary estate, part of which is unimproved and unproductive of income and now liable for taxes, for the payment of which no express provision is made under the will or afforded by the estate of the testatrix, except out of the income of said lands, whereby the interest of the present beneficiaries under the will are prejudiced, and that it would be beneficial to all of them if the real estate referred to could be sold by the executors and trustees, who believe that by the true construction of said will the testatrix gave and granted unto them full power and authority to convey all real estate, wheresoever situated, comprising any part of her residuary estate so as aforesaid devised in trust; and that in the event of the sale of any said real estate, purchasers are likely to refuse to accept a deed from the executors and trustees until their powers in the premises have been judicially determined.

The complainants particularly inquire whether or not the executors and trustees have power to sell and convey, in fee simple or otherwise, the real estate in this State.

The will of Mary D. Biddle, after providing for sundry specific bequests, provides for the sale immediately or after the termination of life estates of certain improved property in Pennsylvania with the instruction that the proceeds, upon sale, become part of her residuary estate.    Then follows the clause of which construction is particularly required and which, omitting immaterial portions is as follows :

"I give, devise and bequeath all the residue of my estate to my executors hereinafter named, in trust, however, to invest and manage the same, and to pay over the interest and income annually arising therefrom to my four children during their lives, in equal shares, without anticipation and free from any claims or demands of any of their creditors or of any other persons or person whomsoever . . . . and on the death of any one of my children I direct that the one fourth of the principal of said residuary estate . . . . shall be paid to the children or other direct descendants of my said deceased child, such distribution being made per stirpes."

The complainants urge that the words "invest and manage" imply or import in and of themselves a power of sale.    While it is true that under the original theory of a trust the powers and duties of the trustee were confined substantially to holding and caring for the property, it is equally true that the purposes of the modern trust are of a much broader character requiring ordinarily much greater powers on the part of the trustee including a power of sale, which is generally expressly given.

The power of sale where not expressly given will be implied from the fact that the trustee is charged with a duty which cannot be performed without a power of sale. *Putnam Free School* v. *Fisher*, 30 Maine, 523, 527 ; *Jones* v. *A. T. & S. F. R. R. Co.*, 150 Mass. 304.    In both these cases no powers were given the trustee as to the investment or management of the property, yet in the latter case the court says "The discretion which our laws give to trustees in making investments, when no specific directions are given by the creator of the trust, requires that a somewhat more liberal view be taken of the implied powers of trustees of personal property to change investments than has been taken in England and some other jurisdictions."    Id. p. 308.

In *Boston Safe D. & T. Co.* v. *Mixter*, 146 Mass. 100, a testator, after bequeathing to each of his four children the income of a specified sum to be held in trust, gave to them the residue of his estate, real and personal, to be divided equally between them share and share alike, to them, their heirs and assigns forever. After the marriage of a daughter, the testator by a codicil directed that all the property and estate so given the daughter in addition to said income in said will be paid to a corporation as trustee to be invested for her benefit, that after the death of his daughter, the estate left in trust be divided among her children equally and, if she leaves no children, the sum so left in trust with the corporation· be paid, one-third to her husband and the balance divided among her brothers and sisters.

"In these provisions he is clearly dealing with the whole trust estate as a single fund, and they imply that the trustee is to make the division according to his directions. It must do this so far as the fund consisted of personal property, and there is nothing to indicate that he intended that there should be any difference as to that part of the fund which at his death was real estate. The whole estate held in trust was 'to be invested by said corporation as shall seem prudent and safe', which implies that the trustee may find it prudent to change the investments. The testator does not directly or by implication give any vested legal estate to those who under the codicil will be the distributees at his daughters decease. He imposes upon the trustee the duty of dividing and transferring the fund after her death." Id. p. 104.

The court then says:

"Looking at the whole will, it seems to us reasonably clear that he intended to give to the trustee the legal title to both the real and the personal estate, with the power to sell and convey the same, and that such a title in the trustee is necessary in order to enable it to carry out the purposes of the testator. *Sears* v. *Russell*, 8 Gray, 86 ; *Packard* v. *Marshall*, 138 Mass. 301." Id. p. 104.

In *Harvard College* v. *Weld*, 159 Mass. 114, 118, the court says : "The foregoing considerations seem to us sufficient to show that the testator did not intend or attempt to make the land in

question inalienable when it reached Harvard College; and that the first words of the trust imposed upon it 'to manage and invest the same to the best advantage' carry a power to sell."

It would seem that the words "invest and manage" properly import and imply a power of sale unless a contrary intention on the part of the testator can be found in the will taken as a whole.

There are other considerations, however, which lead to the belief that a power of sale was intended by the testatrix. She directs the sale by her executors, of sundry parcels of productive real estate and that the proceeds shall become part of her residuary estate. It is hardly supposable that real estate, part of which was unproductive, should be retained by the trustees when it is not expressly or impliedly provided that it shall be enjoyed by the cestui que trust in specie. Moreover, she treats the whole trust estate as a single fund in the provision "I direct that one-fourth of the principal of said residuary estate . . . shall be paid to the children or direct descendants of my said deceased child." The term shall "be paid" is applicable exclusively to personality. *Cook* v. *Cook*, (N. J. Eq.) 47 Atl. Rep. 732. See also *Putnam Free School* v. *Fisher*, supra.

The trustees could not ascertain the true amount of the estate or pay over the fractional part directed to be paid to the children of a deceased child until the whole estate had been converted into money. *Putnam Free School* v. *Fisher*, 30 Maine, 523, 527.

Upon the whole will therefore we conclude that it was the intention of the testatrix that the trustees should have power to sell the real estate devised by the residuary clause and give to the purchaser or purchasers good title in fee simple and that her will so directs.

*Decree in accordance.*